IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT' OF COLORADO

Civil Action No. l0 CV 00623-CMA-CBS

ROXZANA SANTACRUZ

Plaintiff,

vs.

STANDLEY AND ASSOCIATES, LLC. and

GTF SERVICES. LLC

Defendants,

---

**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGEMENT**

---

Plaintiff Roxzana Santacruz seeks summary judgment establishing the liability of Defendant Standley and Associates, LLC and GTF Services, LLC for violating the Fair Debt Collection Practices Act, 15U.S.C. § 1692 ("FDCPA"). The uncontroverted facts demonstrate that on behalf of GTF Services, LLC, Standley and Associates, LLC, a professional debt collector, made false and misleading representation in violation of FDCPA 15 U.S.C. §1692 prefaces d, e, f, e 15 U.S.C. §1692 e(2),e(5), e(10), f(1).  Entry of partial summary judgment is therefore appropriate in accordance with Rule 56(d)(2).

**I.      STATEMENT OF UNDISPUTED MATERIAL FACTS**

    A.     Jurisdiction and venue are proper before this Court. Answer of Defendant ¶¶2,3.

    B.     The Plaintiff is a "consumer" as the term is defined by 15 U.S.C. §1690a(3). Answer of Defendant ¶5.

    C.     Defendant Standley and Associates LLC,(Standley) is a Colorado limited liability

        corporation operating from 5005 W. 81 Avenue, Suite 200, Westminster, Colorado.  Answer of Defendant ¶5.

D.     The Defendant is a "debt collector" as that term is defined by 15 U.S.C. §1690a(6).  Answer of Defendant ¶5.

E.     The principal purpose of the Defendant is the collection of debts.  Answer of Defendant ¶5.

F.     The Defendant regularly attempt to collect debts alleged to be due another.  Answer of Defendant ¶5.

G.     Defendant GTF Services, LLC is a Colorado limited liability corporation operating from 5005 W. 81 Avenue, Suite 201, Westminster, Colorado.  Answer of Defendant ¶5.

H.     The Defendant is a "debt collector" as that term is defined by 15 U.S.C. §1690a(6).  Answer of Defendant ¶5.

I.     The principal purpose of the Defendant is the collection of debts.  Answer of Defendant ¶5.

J.     The Defendant regularly attempt to collect debts alleged to be due another.  Answer of Defendant ¶5.

K.     The account is a "debt" as the term is defined by 15 U.S.C. §1690a(5).  Answer of Defendant ¶5.

L.     The account went into default with the original creditor.  Answer of Defendant ¶5.

M.     Sometime after the account went into default, the account was placed or otherwise transferred to Defendant GTF for collection from the Plaintiff.  Answer of Defendant ¶5.

N.     A representative of Defendant Standley contacted Plaintiff regarding the debt. Answer of Defendant ¶5.

O.     When Plaintiff attempted to dispute the debt Mr. Quintana asked "Where do you want to be served at, your job or at your home?" Answer of Defendant ¶5.

P.     When asked if he was threatening to take Plaintiff to court Mr. Quintana stated "I'm not threatening, I'm making you a promise, I'm going to file a lawsuit against you here real soon." Answer of Defendant ¶5.

Q.     Mr. Quintana is not a lawyer. Exhibit 2 Deposition of James Standley 40:25-41:3.

R.     Plaintiff informed Defendant Standley that she had the disputed the fraudulent account removed from her credit report. Answer of Defendant ¶5.

S.     Defendant Standley, through a representative identified as Brian Quintana, told Plaintiff that it would re-report the disputed account to the credit reporting agencies. Answer of Defendant ¶5.

T.     At approximately 3:00 p.m. on March 23, 2010, Plaintiff was served with a lawsuit on the underlying debt. Answer of Defendant ¶5.

U.     The county court case *GTF Services, LLC. v. Roxzana Santacruz* was filed in Arapahoe County Court, Littleton Division, Littleton Colorado Case Number 2010C403793. Answer of Defendant ¶5.

V.     Defendant Standley, through a representative identified as Brian Quintana, told Plaintiff that the debt would stay on her credit report for seven years after a judgement was paid. Exhibit 1 January, 21 2010 transcript of Brian Quintano call, 8:4-16.

W.     Defendant Standley, through a representative identified as Brian Quintana, told

|     |     |
| --- | --- |
|     | Plaintiff that Defendant was in possession of affidavits from the original creditor stating that the account was Plaintiff's. Exhibit 1 January, 21 2010 transcript of Brian Quintano call 6:13-21. |
| X.  | Defendant Standley and Associates LLC, did not have affidavits stating the account was Plaintiffs. Exhibit 2 Deposition of James Standley 75:16-76:5. Exhibit 3 Deposition of Andrew Geffen 35:13-25. |
| Y.  | Defendant Standley and Associates LLC, through a representative identified as Rochelle Williams told Plaintiff that her right to dispute the debt was "long gone my dear." Exhibit 4 January 21, 2010 transcript of Rochelle Williams call 4:15-18. |
| Z.  | Exhibit 1, is an accurate transcription of a conversation between Roxzana Santacruz and Brian Quintano that took place on January, 21 2010. Brian Quintano is the "UNIDENTIFIED SPEAKER" in Exhibit 1. Exhibit 5, Affidavit of Roxzana Santacruz. |
| aa. | Exhibit 4 is an accurate transcription of a conversation between Roxzana Santacruz and Rochelle Williams that took place on January, 21 2010. Exhibit 5, Affidavit of Roxzana Santacruz. |

## II. STANDARD FOR SUMMARY JUDGEMENT

The entry of summary judgment is appropriate where there exists no genuine and material issue of fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48, 106 S. Ct. 2505, 2509-10, 91 L. Ed. 2d 202 (1986). All inferences to be drawn from the underlying facts must be viewed in the light most favorable to the non-moving party. Once the movant has met her burden of demonstrating the absence of a genuine issue of material fact, the party opposing summary

judgment "must do more than simply show that there is some metaphysical doubt as to the material facts" to prevent its entry. *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 547, 586-87, 106 S. Ct. 1348, 1355-56, 89 L. Ed. 2d 538 (1986). It is not sufficient for the party opposing summary judgment to provide a scintilla of evidence supporting its case. *Anderson v. Liberty Lobby, Inc.*, *supra*, 477 U.S. at 252, 106 S. Ct. at 2512.

**III.  STANDLEY AND ASSOCIATES, LLC USED FALSE, DECEPTIVE AND MISLEADING REPRESENTATIONS IN CONNECTION WITH THE COLLECTION OF A DEBT IN VIOLATION OF 15 U.S.C. 1692.**

    **A.  THE FAIR DEBT COLLECTION PRACTICES ACT IS A REMEDIAL STATUTE ENFORCED PRIMARILY BY AGGRIEVED CONSUMERS.**

Congress stated in its declaration of purpose at section 1692(a) that, "[t]here is abundant evidence of the use of abusive, deceptive and unfair debt collection practices by many debt collectors." Because it found the existing remedies for redressing these problems were inadequate, Congress enacted the FDCPA in 1978 by declaring, "[i]t is the purpose of this title to eliminate abusive debt collection practices by debt collectors." Sections 1692 (b) and (e). The FDCPA is designed to protect consumers whether or not they owe a valid debt. *Mace v. Van Ru Credit Corp.*, 109 F.3d 338 (7th Cir. 1997).

The FDCPA encourages consumers to act as "private attorneys general" to enforce its recited public policies. *Baker v. G.C. Services Corp.*, 677 F.2d 775, 780 (9th Cir. 1982). "Congress intended the Act to be enforced primarily by consumers . . . ." *FTC v. Shaffner*, 626 F.2d 32, 35 (7th Cir. 1980).

"Congress painted with a broad brush in the FDCPA to protect consumers from abusive and deceptive debt collection practices, and courts are not at liberty to excuse violations where the language of the statute clearly comprehends them . . . ." *Pipiles v. Credit Bureau of Lockport,*

*Inc.*, 886 F.2d 22, 27 (2d Cir. 1989). Plaintiff need not prove intent, bad faith or negligence in an FDCPA case. The "FDCPA is a strict liability statute," and "proof of one violation is sufficient to support summary judgment for the plaintiff." *Cacace v. Lucas*, 775 F. Supp. 502, 505 (D.Conn. 1991); *Russey v. Rankin*, 911 F.Supp. 1449, 1455 (D. N.M. 1995). The FDCPA "should be construed liberally in favor of the consumer." *Johnson v. Riddle*, 305 F.3d 1107, 1117 (10 Cir. 2002).

### B. DEFENDANT STANDLEY VIOLATED THE FDCPA

To summarize the discussion that follows, the Defendant violated the FDCPA by falsely representing to the Plaintiff that the account would be reported to the credit bureaus for seven years after it had been paid, by falsely representing to the Plaintiff that she could not dispute the Account and by representing that Defendant was in possession of affidavits from the original creditor stating that the account was Plaintiff's.

### C. APPLICABLE SUBSECTIONS OF THE FDCPA

15 U.S.C.§1692d preface provides:

A debt collection may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

15 U.S.C. 1692e preface provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

15 U.S.C. 1692e(2)(A) provides:

The false representation of - the character, amount, or legal status of any debt;

15 U.S.C. 1692e(5) provides:

The threat to take any action that cannot legally be taken or that is not intended to be taken.

15 U.S.C. 1692e(10) provides:

The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. 1692f preface provides:

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

### D. FALSE REPRESENTATIONS MADE TO PLAINTIFF

#### 1. FALSE REPRESENTATIONS REGARDING DISPUTING THE DEBT

On January 21, 2010 Plaintiff Roxzana Santacruz had a conversation with Rocelle Williams, a collector working for Defendant Standley and Associates, LLC. In that conversation the following exchange took place;

> ROXZANA SANTACRUZ: I'm actually disputing that account, the complete account. I had already let you know. And also– who did I speak with? Mike, it was?
>
> ROCHELLE WILLIAMS: No, John Fachini.
>
> ROXZANA SANTACRUZ: It was, I think, Michael Rivera. Sorry about that.
>
> ROCHELLE WILLIAMS: Give me a second here. You talked to him a while back.
>
> ROXZANA SANTACRUZ: Yeah. Just earlier I had called in and let them know to see if I can get off of the address and everything. Or how do I go about disputing the account?
>
> ROCHELLE WILLIAMS: Let me ask – let me ask you a question – because your

right to dispute it are long gone, my dear. Were you married at the time?

ROXZANA SANTACRUZ: Excuse me?

ROCHELLE WILLIAMS: Were you married at the time?

ROXZANA SANTACRUZ: I actually was.

ROCHELLE WILLIAMS: Oh, okay.

ROXZANA SANTACRUZ: Is that– and why– why is that–why can't I dispute it? Was there any problem disputing it?

ROCHELLE WILLIAMS: Yeah, because–validate–I mean, back in– you should have disputed with the credit card company.

ROXZANA SANTACRUZ: See, but the thing is, is I never knew about it. Nobody every contacted me. I never had applied for anything, for the simple fact that I don't–I never gotten a credit card.

[Exhibit 4 January 21, 2010 transcript of Rochelle Williams call 4:15-18.

Defendant Standley and Associates, LLC actions in falsely representing to the Plaintiff that she could not dispute the account constitute clear violations of the FDCPA as these statements are false. The FDCPA does not allow the debt collector to inform the Plaintiff that she could not dispute the Account. The FDCPA allows the consumer to orally dispute a debt. *Camacho v. Bridgeport Financial Inc.*, 430 F.3d 1078 (9th Cir. 2005). The FDCPA does not limit the time period for disputing a debt. A consumer can always dispute a debt, regardless of the passage of time. *Brady v. The Credit Recovery Company, Inc.*, 160 F.3d 64 (1st Cir. 1998). The FDCPA does not require the consumer to provide any reason at all in order to dispute a debt. *Sambor v. Omnia Credit Servs.*, 183 F.Supp. 2d 1234 (D. Haw. 2002). A consumer is entitled to dispute the validity of a debt for a good reason, a bad reason, or no reason at all. *Mendez v. M.R.S.*

*Assoc.*, 2004 WL 1745779 (N.D.Ill. Aug 3, 2004). Imposing a requirement that a consumer have a "valid" reason to dispute the debt is inconsistent with FDCPA. *DeSantis v. Computer Credit, Inc.*, 269 F.3d 159 (2nd Cir. 2001). The FDCPA prohibits debt collectors from making false or misleading representations in connection with the collection of a debt. *See* 15 U.S.C. § 1692d preface, 15 U.S.C. § 1692e preface, e(2)(A), e(5) and e(10).

### 2. FALSE REPRESENTATIONS REGARDING DEFENDANT BEING IN POSSESSION OF AFFIDAVITS FROM CREDIT ONE BANK SHOWING THE ACCOUNT IS PLAINTIFF'S

On the January 21, 2010 call Rochelle Williams attempted to transfer Plaintiff to her supervisor. Ms. Santacruz left a voicemail message and later that day spoke with Ms. Williams supervisor, who was later identified as Brian Quintana, a collector for Standley and Associates, LLC. In that conversation the following exchange took place;

> ROXZANA SANTACRUZ: Are you threatening me, to take me to court?
>
> UNIDENTIFIED CALLER (BRIAN QUINTANA) I'm not threatening you. I'm making you a promise. I'm going to file a lawsuit against you here real soon.
>
> ROXZANA SANTACRUZ: Okay. And that–how is that going to effect me? How is that going to effect me, if that's not even my account?
>
> BRIAN QUINTANA: Okay. Because right now, with the affidavits from the bank that I have stating this is your account, it's your job to prove it's not you. Okay. It's my job to prove it is. And on over about $85 million of debt in my office, and I've written off maybe 1 percent.
>
> [Exhibit 1 January, 21 2010 transcript of Brian Quintano call 6:13-21.]

First and foremost, Mr. Quintana is not a lawyer and has no ability to file suit. [Exhibit 2 Deposition of James Standley 40:25-41:3.] He could not file suit against Ms. Santacruz and his

representation that "I'm going to file a lawsuit against you here real soon." is a fraudulent misrepresentation prohibited by the FDCPA.  See *Withers v. Eveland*, 997 F.Supp. 738 (E.D. Va. 1998)(no intent to file suit and the collector; a non-lawyer had no legal ability to do so).  Further, It is a violation of the FDCPA to imply that future judicial remedies are a virtual certainty. *See Schimmel v. Slaughter*, 975 F.Supp. 1357 (M.D.Ga. 1997).

The next fraudulent misrepresentation made by Mr. Quintana is that he had affidavits from the bank (the original creditor) stating the account belonged to Ms. Santacruz.

Deposition of Standley and Associates, LLC was taken on October 20, 2010 and Mr. James Standley appeared as the F.R.C.P. Rule 30(b)(6) representative for the Defendant.  He was asked about these affidavits.

> Q. (By Richard Wynkoop)  Let me ask you this.  Mr. Quintana said he had affidavits from the bank.  I haven't received any affidavits from the bank.
>
> A. ( By James Standley) I don't believe we have any affidavits from the bank.
>
> Q.  So that was incorrect?
>
> A.  Yes, if that's what he said.  I couldn't hear anyway.
>
> Q.  Let me back it up a little bit for you. (Whereupon, the tape was played.)
>
> Q. (By Richard Wynkoop) There were no affidavits from the bank stating it's her account; right?
>
> A. No, there were not.
>
> [Exhibit 2 Deposition of James Standley 75:16-76:5]

Deposition of GTF Services LLC, who purported to own the debt, was taken on October 20, 2010 and Mr. Andrew Geffen  appeared as the F.R.C.P. Rule 30(b)(6) representative for the Defendant GTF Services LLC .  He was asked about these affidavits.

> Q. (By Richard Wynkoop) So if a collector were to say that they had affidavits from the bank showing that it's Ms. Santacruz's debt, that would be incorrect wouldn't it?
>
> A. (By Andrew Geffen) Depending on the account. We do have affidavits on some accounts, yes.
>
> Q. But you didn't have an affidavit for Ms. Santacruz's account, did you?
>
> A. No, we had a statement.
>
> Q. And that statement isn't an affidavit; right?
>
> A. I am not a lawyer, but to the best of my knowledge, no.
>
> [Exhibit 3 Deposition of Andrew Geffen 35:13-25]

The FDCPA prohibits debt collectors from making false or misleading representations in connection with the collection of a debt and from using unfair or unconscionable means to collect or attempt to collect any debt. Mr. Quintana representing that he had affidavits from the bank stating the account belongs to Ms. Santacruz is exactly the type of false and misleading representation prohibited by 15 U.S.C. 1692e preface which provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

and 15 U.S.C. 1692e(10) which prohibits:

> The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

### 3. FALSE REPRESENTATIONS REGARDING CREDIT REPORTING

During the January 21, 2010 conversation between Ms. Santacruz and Brian Quintana the following exchange took place;

>ROXZANA SANTACRUZ: And how long is this going to be on my credit report?
>
>BRIAN QUINTANA: For the next seven years.
>
>ROXZANA SANTACRUZ: Next seven years starting when?
>
>BRIAN QUINTANA: Starting as soon as I get my judgement, which will be–as soon as I file my lawsuit, once I get the judgment date, and then I run your credit–I run your social (inaudible) –and I start garnishing your wages for 25 percent. And once it's paid, from that date that it's paid, seven years from that date.
>
>[Exhibit 1 January, 21 2010 transcript of Brian Quintano call, 8:4-16.]

Obviously a party does not get a judgment as soon as it files a lawsuit. This is yet another misrepresentation by Defendant.

Further, Defendant Standley and Associates, LLC, violated the FDCPA by falsely representing to the Plaintiff that this item will stay on her credit report for seven years after some hypothetical future judgement obtained by GTF Services.

The Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. (hereinafter "FCRA") is the law that controls credit reporting in the United States. 15 U.S.C. § 1681c(4) prohibits a credit reporting agency from reporting a collection account that is over seven years old. That time period begins at the last scheduled payment or if charged off or placed for collections within 180 days of the last scheduled payment. 15 U.S.C. § 1681c( c) Accordingly a collection account will fall off a credit report after the expiration of seven years even if there is no payment on the account. Thus Defendant Standley's statements are false. The FDCPA prohibits debt collectors from making false or misleading representations in connection with the collection of a debt. *See* 15 U.S.C. § 1692e preface, e(2)(A), e(5), e(8) and e(10). Debt collectors may not make false claims, period. *Randolph v. IMBS, Inc.*, 368 F.3d 726, 730 (7th Cir. 2004). Credit reporting is a tool used by debt

collectors, including Defendant in collecting accounts and would naturally raise concerns on the part of the consumer about the harmful effects to his or her reputation and credit standing. *See* FTC Staff Opinion Letter, 1997 WL 33791232 (F.T.C.) (Dec. 23, 1997).

## IV.  DEFENDANT GTF SERVICES, LLC IS LIABLE FOR THE ACTIONS OF DEFENDANT STANDLEY AND ASSOCIATES, LLC

Defendant GTF Services, LLC is liable for the actions of its agent, Defendant Standley and Associates, LLC. Debt collectors that hire agents to carry out debt collection practices that violate the FDCPA are vicariously liable for their agent's conduct. *See Martinez v. Albuquerque Collection Servs.*, 867 F. Supp. 1495, 1502 (D.N.M. 1994) and cases collected therein and *Police v. National Tax Funding, L.P.*, 225 F.3d 379, 405 (3d Cir.2000).

## V.  PLAINTIFF RESERVES THE DETERMINATION OF DAMAGES FOR THE JURY

By this motion, the Plaintiff seeks only an award of partial summary judgment with regard to the Defendants' liability for violations of the Fair Debt Collection Practices Act.  The Plaintiff seeks to retain the right to have a determination of damages, as requested in the Complaint, decided by a jury. *Sibley v. Fulton DeKalb Collection Services,* 677 F.2d 830 (11th Cir. 1982).

The FDCPA provides for statutory damages of up to $1,000.00, reasonable attorneys fees, costs and disbursements. 15 U.S.C. § 1692k.  In addition, a Plaintiff is entitled to any actual damages suffered.  Damages attributable to emotional distress have been found to be a component of actual damages, and such damages are not limited statutory damages provided under the statute. *Smith v. Law Offices of Mitchell N. Kay*, 124 B.R. 182 (D. Del. 1991); *Donahue v. NFS, Inc.*, 781 F.Supp. 188 (W.D.N.Y. 1991); *Crossley v. Lieberman*, 90 B.R. 682 (E.D.Pa. 1988).

After the determination of damages by a jury, the Plaintiff will seek an award of attorney's fees and costs pursuant to the Fair Debt Collections Act. 15 U.S.C. § 1692(a)(3).

## VI.  CONCLUSION

The Defendants' false and misleading statements to Ms. Santacruz constitute violation(s) of the FDCPA.  As such, partial summary judgment on the question of liability should be awarded in favor of Plaintiff and against all the Defendants jointly and severally on these violation(s). Plaintiff requests that damages be determined at a trial by a jury.

**RESPECTFULLY** submitted this _30th_ _day of November 2010.

*/s Richard Wynkoop*
Richard Wynkoop
Wynkoop & Thomas PC
4410 Yates Street
Denver, CO 80212
Phone Number 720-855-0451
Facsimile Number 720-855-0469
E-mail:rickwynkoop@yahoo.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 30th Day of November, 2010, a true and correct copy of the foregoing was served via PACER, on the following addresses:

 David C. Japha
950 S. Cherry Street, Ste. 1000,
Denver, CO 80206
(303) 964-9500
fax: 1-866-260-7454
email: Djapha4064@aol.com
Attorneys for the Defendants Standley & Associates, LLC
GTF Services, LLC


*/s Richard Wynkoop*
Richard Wynkoop