IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10 CV 00623- CMA-CBS

ROXZANA SANTACRUZ

Plaintiff,

vs.

STANDLEY AND ASSOCIATES, LLC, and

GTF SERVICES, LLC

 Defendants,
_____

**DEFENDANTS'  MOTION FOR SUMMARY JUDGMENT**
_____

The defendants, through their counsel, and pursuant to Rule 56, F.R.C.P. and D.C.COLO.LCivR 56.1, request this Honorable Court for an Order dismissing the plaintiffs' claims against them.  In support of that request, the defendants state:

## I.  INTRODUCTION

On April 6, 2010, the plaintiff, through her attorney, filed an amended complaint, alleging that GTF Services, LLC ("GTF") and Standley and Associates, LLC ("Standley") violated the Fair Debt Collections Practices Act by acting contrary to "15 U.S.C. §1692 prefaces d, e, and f; and  15 U.S.C. §1692 e(2), e(5), e(10), and f(1)."   The plaintiff further claims that the defendants' acts and

1

omissions "are multiple, willful and intentional."  Further, the plaintiff is seeking actual damages, statutory damages and reasonable attorney fees and costs pursuant to 15 U.S.C. § 1692k.

During the discovery phase of this matter, the plaintiff provided deposition testimony and answered requests for admission, requests for production of documents and interrogatories.  Further, two of the defendant's representatives, Mr. James Standley, Esq., and Andrew Geffen, provided deposition testimony. Further, the defendants and the plaintiff each responded to written discovery propounded by the other.

The evidence shows that GTF, through Mr. Geffen, made every attempt to verify the debt in question.  On the other hand, Ms. Santacruz, received from the underlying creditor information that the debt was cancelled and she failed to inform either GTF or Standley of this fact until the discovery process was begun in this case.

In addition, Ms. Santacruz appears to be requesting actual damages, including emotional distress damages based on discovery she has provided. However, she has not provided any proof of the actual damages, was unable to identify any actual damages in her deposition, and has failed to adequately identify any expert witnesses who could provide testimony showing causation between the alleged acts of these defendants and any alleged emotional distress.

As will be argued more fully below, discovery to date shows that there is no material issue of fact and that the plaintiff's allegations should be dismissed.  It also appears that the plaintiff withheld information from the defendants which would have given them a reason to forebear from filing any collection suit against her.  In so doing, she proceeded in bad faith in filing the lawsuit that is before this Court.  For all of the foregoing reasons, the defendants seek to have the matter dismissed and have their attorney fees and costs reimbursed by the plaintiff and/or her attorney.

## II.  STATEMENT OF UNDISPUTED FACTS

GTF is a purchaser of debt and while it is licensed with the Colorado Collection Agency Board, its main purpose is not the collection of debt.  (GTF responses to discovery, #s 7-15, attached hereto and incorporated herein as Exhibit A-1, with supporting affidavit, attached hereto and incorporated herein as Exhibit A-2).  Rather GTF will hire defendant Standley to collect the debts it purchases. *Id.* GTF purchased the account in question in this matter, the Santacruz debt, on or about January 19, 2010, and placed it with Standley on the same date for collection. *Id.* Other than attempting to determine the validity of the Santacruz debt and an attempted negotiation of the matter with Ms. Santacruz's attorney in the spring of 2010, GTF services had no direct contact with Ms. Santacruz. *Id.*

GTF did not make any calls to the plaintiff.  On one or two occasions, Mr. Geffen did contact plaintiff's counsel to discuss settlement, but there are no recorded conversations with the plaintiff.  *Id.*   The original debtor in this matter was Credit One Bank., Bank Card Center, P.O. Box 98872, Las Vegas, NV 89193-8872.  That debt was purchased by an intermediary prior to GTF, who then ultimately purchased that debt before placing it with Standley for collection. *Id.*

Standley is a law firm consisting of one lawyer, Mr. James Standley, and a number of legal assistants whose main function it is to attempt to collect the debts placed with Standley by GTF.   On or about January 19, 2010, an employee of Standley, placed a call and left a message for Ms. Santacruz informing her that there was a debt originally with Credit One Bank based on a credit card account seemingly opened by Ms. Santacruz.  Ms. Santacruz responded to the message left by calling Standley and engaging in conversation with Ms. Rochelle Williams.  In the course of that conversation, Ms. Williams told Ms. Santacruz that she could no longer dispute the debt with Credit One, but if she thought she did not owe the debt, then she should write a letter to Standley requesting verification of the debt, which Ms. Santacruz did. (Customer Notes, attached hereto and incorporated herein as Exhibit A-3).

In addition to attempting to verify the debt, Standley also ceased and desisted from any further collection activity prior to filing a lawsuit in this matter.  The specific facts leading to this dispute are these:

On January 25, 2010, Ms. Santacruz called Standley, seemingly in response to prior messages left for her. She engaged in conversation with Ms. Williams and a shouting match ensued wherein Ms. Santacruz said she did not owe the debt in question because she did not open the credit card account underlying the debt purchased by GTF. Thereafter, Ms. Santacruz spoke with a Brian Quintana who told Ms. Santacruz that until he saw evidence that the debt was in fact removed from her credit report or that it was not a valid debt, Standley would pursue the matter, including filing a lawsuit.

Thereafter, Ms. Santacruz sent correspondence to Standley showing that she had filed a police report alleging identity theft and that she was attempting to remove the debt from her credit report. At no time did Ms. Santacruz show to Standley any evidence that the debt was invalid. (Santacruz Depo., Oct 21 2010, pp. 9-10, attached hereto and incorporated by reference as Exhibit A-4; see also March 19, 2010 letter from Credit One, attached hereto as Exhibit A-5). Exhibit A-5 was not made known to the defendants until after this lawsuit was filed. To the contrary, Standley, through GTF Services, had evidence that the debt was valid and attempted to mail to Ms. Santacruz documents showing the validity of the debt. Unfortunately, there was confusion regarding the correct address to which to send these to documents and so the first set did not get to Ms. Santacruz. (Exhibit A-6, attached hereto and incorporated herein by reference).

Finally, it is undisputed that Ms. Santacruz has been unable to identify with any particularity any actual damages she has suffered. Her answers to interrogatories and her responses to questions put to her at her deposition make clear that she cannot support any claims for actual damages. (Exhibits A-7 and A-8, especially number 13, attached hereto and incorporated herein by reference).

Despite the plaintiff's allegations, the defendants did not violate the Fair Debt Collections Practices Act. In essence, the plaintiff alleges eight separate categories of violations of the FDCPA against both defendants. Specifically as to the defendant GTF, Ms. Santacruz has no claim.

## III.  ARGUMENT

Summary judgment is appropriate when the "pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56, F.R.C.P.  *see Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The moving party bears the burden of establishing the absence of a genuine issue of material fact. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Once the moving party has offered evidence that no genuine issue of material fact remains, the burden shifts to the non-moving party to provide evidence that a genuine, triable issue remains. *Id.* at 250, 106 S.Ct. 2505. It is well-settled that the non-

moving party cannot defeat summary judgment with nothing more than unsupported assertions or the allegations in its pleadings. Fed.R.Civ.P. 56(e); *Cifarelli v. Vill. of Babylon,* 93 F.3d 47, 51 (2d Cir.1996); *Goenaga v. March of Dimes Birth Defects Found.,* 51 F.3d 14, 18 (2d Cir.1995).

In deciding a motion for summary judgment, the Court must view all of the evidence in the light most favorable to the non-moving party and must draw all permissible inferences from the submitted affidavits, exhibits, interrogatory answers, and depositions in favor of that party. *See Anderson,* 477 U.S. at 255, 106 S.Ct. 2505, 91 L.Ed.2d 202; *Vann v. City of N.Y.,* 72 F.3d 1040, 1048-49 (2d Cir.1995). Notably, "the trial court's task at the summary judgment motion stage of litigation is carefully limited to discerning whether there are genuine issues of material fact to be tried, not deciding them. Its duty, in short, is confined at this point to issue-finding; it does not extend to issue-resolution." *Gallo v. Prudential Residential Servs. Ltd.,* 22 F.3d 1219, 1224 (2d Cir.1994); *see Donahue v. Windsor Locks Board of Fire Comm'rs,* 834 F.2d 54, 58 (2d Cir.1987) (holding that on a motion for summary judgment, the court "cannot try issues of fact; it can only determine whether there are issues to be tried").

## A.  GTF SERVICES, LLC DID NOT VIOLATE ANY PROVISIONS OF THE FDCPA AND IT SHOULD BE DISMISSED AS A DEFENDANT

In her responses to requests for admissions, Ms. Santacruz stated clearly that the only contact she had with GTF was the fact that it was the named plaintiff in a lawsuit

against her.  (Exhibit A-9, #s 12 and 13, attached in its entirety hereto and incorporated by reference). Ms. Santacruz has not been able to identify any other act or behavior of GTF which would constitute a violation of the FDCPA.  Filing a lawsuit to collect a debt thought to be due is not a violation of the FDCPA.

In the case at bar, GTF sought to determine whether the debt in question was due.  As the attached copies of emails show, on no less than three occasions, GTF's source for the underlying debt confirmed that the debt was valid.  *See,* Exhibit A-10, attached hereto and incorporate by reference).  In his deposition, Mr. Geffen, as representative of GTF testified what he did to verify and validate the debt in question. The relevant portions of Mr. Geffen's testimony are attached hereto and incorporate herein as Exhibit A-11.

GTF did not contact Ms. Santacruz and there is no evidence that GTF did anything other than act as plaintiff in a lawsuit to pursue what it understood to be a valid debt.  It turned out this was a mistake of fact, but a bona fide error shielding GTF from liability in this case.  As such, GTF should be dismissed as a defendant.  15 U.S.C. §1692k(c); *See also, Charbonneau v. Mary Jane Elliott, P.C.*, 611 F. Supp. 2d 736,  (E.D. Mich. 2009)(In order to qualify under the bona fide error exception, the debt collector must demonstrate (1) that a violation was not intentional; and (2) the debt collector maintains procedures reasonably adapted to avoid any such error. *Lewis v. ACB Business Services, Inc.,* 135 F.3d 389 (6th Cir.1998)).  The facts in

*Charbonneau* are similar to the case at bar.  There, a defendant who was a purchaser of charged-off debt, including credit card debt, relied upon information from the seller of the debt regarding the last time a payment was made for purposes of determining the statute of limitations.  The information provided to the defendant was wrong and the trial court held that it was not liable for filing a suit outside the applicable limitations period.  Similarly, GTF reasonably relied upon its seller to maintain the suit it filed.  And, as argued above, GTF should be dismissed.

## B.   NEITHER STANDLEY & ASSOCIATES, LLC NOR GTF SERVICES, LLC VIOLATED 15 U.S.C. §§ 1692e OR 1692f BY MAKING ANY MATERIALLY FALSE REPRESENTATIONS

The plaintiff claims that the defendants have violated 15 U.S.C. Sec. 1692e(2), (5), (10) and 1692f(1).  The allegations set forth in the amended complaint do not support this claim.  Further, according to the information known to both GTF and Standley, the debt in question was a legitimate debt.   All of the sections the plaintiff alleges the defendants violated related to misrepresentations.  To wit, 15 U.S.C. Sec. 1692e(2), prohibits making false representations of the character, amount or legal status of any debt or any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt; 1692e(5) prohibits threatening to take any action that cannot legally be taken or that is not intended to be taken; 1692e(10) prohibits the use of any false representation or deceptive

means to collect or attempt to collect any debt or to obtain information concerning a consumer; and 1692f(1) prohibits the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

Here, the defendant Standley and Associates, through its agents made statements to the plaintiff explaining the status of the debt as it was known to them. Without conceding that any of the statements made were misrepresentations, the evidence is that any representations were not material to any decisions that Ms. Santacruz may have made, nor did she rely on any of the representations. This included the right to file a lawsuit and the status of the underlying debt, the validity of which had long been established, at least in so far as the documents available to the defendants made clear.

The plaintiff complains that an alleged threat, or promise, to file and serve a lawsuit was a threat in violation of the FDCPA. Yet, this was a statement of the creditor's rights. Further, litigation was not only contemplated, it was actually utilized. Mr. Standley explained in his deposition precisely what the defendant's procedure was for preparing lawsuits.

Courts have denied recovery where mere statements of the creditor's rights, rather than pronouncements that the collection agent can and will institute legal action

on its own initiative. *Madonna v. Academy Collection Serv.,* No. 95CV00875, 1997 WL 530101, at *6-7 (D.Conn. Aug. 12, 1997) (finding that the statement: "failure to comply may result in our informing our client that you have refused to cooperate, and they may pursue legal action," was not a threat to pursue legal action by the debt collector); *Knowles v. Credit Bureau of Rochester,* No. 91-CV-14S, 1992 WL 131107, at *1 (W.D.N.Y. May 28, 1992) (finding that "failure to pay will leave our client no choice but to consider legal action," "threatens no action whatsoever"), *cited in Leone v. Ashwood Financial, Inc.,*257 F.R.D. 343,348-349 (E.D.N.Y. 2009)(finding a threat where the collection agency did not have authority to proceed).  Here, the evidence is that Standley could proceed as necessary.

Further, Mr. Quintana's statement in his conversation with Ms. Santacruz was a description of the creditor's rights, not threats.  The plaintiff clearly understood that as she chose to contest the debt without submitting the crucial March 19, 2010 letter. Ms. Santacruz provided detailed letters disputing the debt, yet she chose not to provide a copy of the letter from the original creditor stating that she did not owe the debt. (Santacruz deposition page 36; attached hereto and incorporate as Exhibit A-12).

Recently, in *Elliott v. Credit Control Services, Inc.,* April 14, 2010, S.D. California*,* attached hereto as Exhibit A-13, the United States District Court for the Southern District determined that just as in the case of §1692g, violations of § 1692e are evaluated under the least sophisticated debtor standard. *Donohue v. Quick Collect,*

*Inc.,* 592 F.3d 1027, 1030 (9th Cir.2010).  A misleading statement must be material in order to be actionable under § 1692e. *Id.* at 1033. "[F]alse but nonmaterial representations are not likely to mislead the least sophisticated consumer." *Id.* The reason for the materiality standard is that "[i]n assessing FDCPA liability, we are not concerned with mere technical falsehoods that mislead no one, but instead with genuinely misleading statements that may frustrate a consumer's ability to intelligently choose his or her response." *Id.* at 1034.

In the case at bar, none of the alleged misrepresentations claimed by Ms. Santacruz frustrated her ability to intelligently choose any responses to the defendant Standley's stated intentions to collect the debt against her.  The plaintiff has offered no evidence that any of the alleged falsehoods claimed under 15 U.S.C. Sec. 1692e or f, if any, are more than a technical falsehoods, if even that, which mislead no one.

## C.   THE PLAINTIFF HAS FAILED TO ALLEGE ANY ACTUAL DAMAGES AND OR EMOTIONAL DISTRESS DAMAGES AND THEREFORE HER CLAIMS FOR THOSE DAMAGES SHOULD BE DISMISSED

In her amended complaint, Ms. Santacruz alleges that she is entitled to actual damages.  Further, in responses to discovery and deposition questions, Ms. Santacruz alleges that she has suffered emotional distress damages as a result of the defendants' alleged conduct in this matter.

Specific responses to interrogatories and deposition questions (Exhibit A-7 and A-8) show that Ms. Santacruz has been unable to specify any damages, and as such those claims should be dismissed. *See,Kittle v. Accredited Collection Agency, Inc.,* 2010 WL 2650479, *2-3 (D. Colo., J. Blackburn, 07 CV 1716 BNB REB June 30, 2010)(on a motion for damages after default judgment, actual damages were denied where the plaintiff provided no detail or corroborating evidence of emotional distress damages). In the case at bar, Ms. Santacruz states that she was embarrassed and humiliated and that her hair fell out. But, she provides no corroborative evidence of causation and has endorsed no expert witnesses or expert testimony to provide any such causation.

Under the FDCPA, actual damages may be awarded as a result of the failure of a defendant to comply with the Act. 15 U.S.C. 1692k(a)(1). It is the plaintiff's burden to prove she are entitled to such damages. *Wantz v. Experian Information Solutions*, 386 F.3d 829, 833 (7th Cir. 2004). Here, the plaintiff has failed to provide any evidence of actual economic loss.

Further, despite her claims, Ms. Santacruz has failed to show that she has suffered emotional distress actually caused by the defendants. At least one of the district judges in this District, Chief Judge Daniel, has determined that determining whether a plaintiff in an FDCPA case is entitled to emotional distress damages pursuant to the Colorado standard for determining outrageous conduct. *See, Burns*

*v. Alexander,* 07 CV 1192 WYD BNB (D. Colo. Aug. 15, 2008)(attached hereto and incorporated herein by reference as Exhibit A-14).

The failure of Ms. Santacruz to properly account for any economic damages and to specify the type and cause of any emotional distress damages, requires those claims to be dismissed.

## IV. CONCLUSION

For the foregoing reasons, the plaintiff's complaint should be dismissed and the defendants should be entitled to judgment as a matter of law.  Further, the defendants request their attorney fees for having to defend this action.

Dated this 30th day of November, 2010.

RESPECTFULLY SUBMITTED,

THE LAW OFFICES OF DAVID C. JAPHA, P.C.

S/ David C. Japha

by David C. Japha
950 South Cherry Street, Ste. 1000
Denver, CO 80246
(303) 964-9500
Fax: 1-866- 260-7454
email: Djapha4064@aol.com

CERTIFICATE OF SERVICE
I hereby certify that I have served a true and correct copy of the foregoing Motion for Summary Judgment on this 30th day of November, 2010 to:
Susan Thomas
Richard Wynkoop
Wynkoop & Thomas PC
 4410 Yates Street
Denver, CO 80212
via email to rickwynkoop@yahoo.com

s/ DAVID C. JAPHA