Defendants' Exhibit A-1

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 10 CV 00623-CMA-CBS

ROXZANA SANTACRUZ,

Plaintiff,

V.

STANDLEY AND ASSOCIATES, LLC, and

GTF SERVICES, LLC

Defendants,

_____

## DEFENDANT GTF SERVICES, LLC' S SUPPLEMENTAL RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES, REQUEST FOR ADMISSIONS AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO THE DEFENDANT

_____

Counsel for the plaintiff has propounded to the defendant GTF Services, LLC discovery requests all in one document. The defendant, through counsel, is providing supplemental answers to the requests in the order presented.

## <u>INTERROGATORIES</u>

The defendant GTF SERVICES, LLC, through counsel, and pursuant to Rule 33(b), F.R.C.P., supplements its responses to the plaintiff's interrogatories as follows:

1.   For each individual person, officer, employee, agent or other entity answering or providing any information used to answer any interrogatory, state the following:

   a.   First, last, and middle legal name;

   b.   All DBA, fake, or alias name(s) used by this person;

   c.   Job title and/or capacity;

   d.   Business address and telephone number;

   e.   Home address and telephone number;

   f.   The dates of the Defendant's employment of the person(s).

**RESPONSE:**   a. Other than undersigned counsel, those involved in answering the interrogatories put to GTF Services, LLC, are Andrew Geffen, managing member of GTF SERVICES, LLC, and Mr. James Standley, Esq., collection counsel to GTF Services, LLC.

   b.  None

   c.  Mr. Geffen – Managing Member of the LLC;

      Mr. Standley – counsel to GTF Services, LLC

   d.  Business address of GTF Services, LLC: 5005 W. 81st Place, Ste. 201, Westminster, CO 80031, (303) 800-9350, Ext. 2401

      James Standley, Esq., 5005 W. 81st Place, Ste. 200, Westminister, CO 80031; (303) 800-9890

e.  Objection. Plaintiff's counsel can contact Mr. Geffen through defendants' counsel.

f.  Mr. Geffen has been employed by GTF Services, LLC since approximately September 1, 2008.  Mr.Standley is not an employee of the defendant GTF Services, LLC.

2.  Identify all persons known to the Defendant to have personal knowledge of any facts or issues involved in this lawsuit and/or who worked on the Plaintiff's account, state the following:

a.  First, last and middle legal name;

b.  All DBAs, fake, or alias name(s) used by this person;

c.  Job title and or capacity;

d.  Business address and telephone number;

e.  Home address and telephone number;

f.  Social Security number(s) and birth date(s),

f2.  Whether the persons are currently employed by the Defendant.

g.  The dates of the Defendant's employment of the person(s).

h.  If the person(s) are no longer employed by the Defendant the reason(s) the  person(s) are no longer employed by the Defendant.

**RESPONSE:**   Mr. Geffen.  See, response to No. 1, above.  Mr. Geffen is still

employed with GTF Services, LLC and has been since August, 2008.

3.   Identify and describe with particularity all training that the Defendant's employees who worked on the Plaintiff's account were provided or received, in the area of debt collection activities related to the collection of any consumer debts, including:

a.  The training content, timing of training and duration of training;

b.  All documents and audio or visual materials used in such training;

c.   The full name, address, and title of each person(s) who conducted such training.

d.  Whether the person(s) are currently employed by the Defendant.

e.  The dates of the Defendants employment of the person(s).

f.  If the person(s) are no longer employed by the Defendant the reason(s) the person(s) are no longer employed by the Defendant.

g.  The physical location(s) where the training was conducted.

**RESPONSE:** There was no such training as there were no employees of the defendant GTF Services, LLC who worked on the plaintiff's account other than the purchase of the account by Mr. Geffen and his attempts to verify its validity.   Mr. Geffen did not receive training from GTF Services, his knowledge of the collection industry comes from 16 years of experience in the industry.

4.   Identify and describe all manuals, instructions, restrictions, or other documents the Defendant used regarding how to, and how not to collect consumer debts from persons for the time period of January 1, 2006 through the date the Defendant was served with the Complaint in this case.

**RESPONSE:**   GTF Services has no training manuals instructions, restrictions, or other documents on debt collections as it employs no debt collectors.  GTF purchases debt and sends it to 3rd party attorneys for collections of the debts it purchases.

5.   Identify and describe any documents that describe, record, or establish each of the Defendant's methods and techniques used to collect or debt collection accounts including any 'talk-offs' scripts that the Defendant uses when they are attempting to collect consumer debts for the time period of January 1, 2006, through the date the Defendant was served with the Complaint in this case.

**RESPONSE:** GTF has no manuals, scripts or any other documents on how to collect debts as they do not do any direct collection of debt but simply purchase portfolios and place them with outside attorneys

6.   Identify and describe fully any computer, manual, or other system(s) Defendant  maintains or operates to record any and all mail, telephone, in-person,

or other forms of communications, or attempted communications, with persons or other third parties in connection with collection of accounts and Defendant's policies and procedures for operating such a system of records for the time period of January 1, 2006, through the date the Defendant was served with the Complaint in this case.

**RESPONSE:**   Any mail received by GTF Services is scanned and then sent to the appropriate agency handling the account the mail is for.

7.   Identify whether Defendant recorded telephone calls made while attempting to  collect debts, what steps were taken to preserve these recordings and where the recordings are located for the time period of February 2009, through March 11, 2010.

**RESPONSE:** GTF does not collect debts from its office and has no recordings of debtor calls.   GTF made no calls to debtors in the time frame requested.

8.   Identify whether the Defendant recorded any telephone calls with the Plaintiff or any third party on the Plaintiff's account whether the Defendant recorded any voice mail messages left for the Plaintiff or any third party on the Plaintiff's account, whether or not these recordings have been preserved, the

location of the recordings and the disposition of these recordings.

**RESPONSE:** GTF did not make any calls to the plaintiff.  On one or two occasions, Mr. Geffen did contact plaintiff's counsel to discuss settlement, but there are no recorded conversations with the plaintiff.

9.   Identify the original [creditor] of the alleged debt(s) that the Defendant was trying to collect from the Plaintiff.  Please provide the full legal name, address, city, state, and zip  code and phone number of the original creditor.

**RESPONSE:** Credit One Bank., Bank Card Center, P.O. Box 98872, Las Vegas, NV 89193-8872 ; 1-877-825-3242

10.   In  the  form  of  a  chronology,  identify  and  describe  in  detail  with particularity, the process and events by which and the circumstances under which, the debt(s) allegedly owed by the Plaintiff was referred, placed or otherwise assigned to the Defendant for collection, and identify all documents relevant to, or reflecting such referral, placement or assignment.

**RESPONSE:** The account in question was purchased by GTF Services on January 19th 2010, and placed with Standley and Associates on the same date.

11.   Identify  and  describe  each  document  known  to  the  Defendant  which

pertains to  the collection or attempted collection of the Plainiff's debts.

**RESPONSE:** The defendant GTF Services, LLC is aware of emails between itself and the seller of the debt in this case relating to the verification of the debt. These emails have been previously identified in the defendants' Rule 26(a)(1) disclosures as Exhibit 3.

12.   Identify and describe each communication or attempted communication between the Defendant's representatives, employees and/or agents and the Plaintiff or any other person, which was made in connection with the collection or attempted collection of the Plaintiff's account(s) by stating the following:

a.  The name of the individual initiating the communication;

b.  The name of the individual receiving the communication;

c.  The date and time of  the communication;

d.  The method of the communication (e.g. letter, phone call, in-person);

e.  A detailed analysis of the substance of the communication, (do not simply refer to collection notes);

f.  Identify all witnesses to or participants in the communication; and,

g.   Any actions taken by the Defendant or its representatives, employees and/ or agents a s result of the communication.

**RESPONSE:**  Objection.  This interrogatory is not relevant to the defendant

GTF Services, LLC.  The defendant GTF Services, LLC, does not engage in the direct collection of debts and was not trying to collect any debts from the Plaintiff. Further, the interrogatory is overbroad.  The plaintiff has previously received information sought in this interrogatory.

13.  For the time period of February 2009, through March 11, 2010, identify all the managers and supervisors of all of the Defendants representatives, employees, and or agents who worked on the Plaintiff's account and state the following:

a.  First, last and middle legal name;

b.  All DBA's, fake, or alias name (s) used by this person;

c.  Job title or capacity;

d.  Business address and telephone number;

e.  Home address and telephone number;

f.  Social Security number(s) and birth date(s);

g.  The dates of the Defendant's employment of the person(s).

h.  If the person(s) are no longer employed by the Defendant the reason is the person(s) are no longer employed by the Defendant.

**RESPONSE:** GTF Services, LLC's agent is Standley & Associates, LLC.

See the answers to interrogatories provided by the defendant Standley & Associates, LLC.  No employees of GTF "worked" the account with exception of the involvement of Andrew Geffen in verifying the account.

14.  Identify and describe all documents that form the **factual basis** for the affirmative defense of Bona Fide Error, 15 U.S.C. § 1692k(c) listed in the Defendant's Answer to the  Plaintiff's Complaint in this action.

**RESPONSE:** The defendant GTF Services, LLC made every attempt to verify the debt in this case and consistently received validation as evidenced by the emails attached as Exhibit 3 to the defendants' Rule 26(a)(1) Disclosures.  Further, the plaintiff's attorney had in his possession a letter from Credit One Bank which he did not reveal to the defendants until after filing the amended complaint in this lawsuit, despite being asked for it prior to that.

15.  Provide all abbreviations, codes, numeric codes, and/or symbols as well as the meaning of such abbreviations, codes, numeric codes and/or symbols which the Defendant utilized with their collection software or on any tangible documents when attempting to collect the Plaintiff's account.

**RESPONSE:** GTF has no such info as they did not attempt to collect the debt directly.

16.  Identify and describe the Defendant's seating and/or location chart(s) which document the physical location of the Defendant's representatives, employees, and/or agents when they made phone calls to the Plaintiff or third parties while attempting to collect the Plaintiff's account and /or when the Defendant's representatives, employees and/or agents when they made phone calls to the Plaintiff or third parties while attempting to collect the Plaintiff's account and/or when the Defendant's representatives, employees, and/or agents received phone calls from the Plaintiff or third parties on the Plaintiff's account.

**RESPONSE:** No calls were placed from GTF to the plaintiff and there was no attempt to collect the debt directly by GTF.

17.  Identify and describe Defendant's disciplinary policy for representatives, employees and/or agents violating the FDCPA 15 C.S.C. § 1692, et. Seq., the Colorado FDCPA C.R.S. 12-14-101 et. seq., and other state debt collection laws in the course of collecting consumer debts, and for violating other state or federal laws in the course of collecting consumer debts.

**RESPONSE:** GTF has no collectors therefore no such policy nor documents relating to any such policy exist.

.

18. Identify and describe the disciplinary history and complaint history of

the Defendant's representatives, employees and/or agents who worked on the Plaintiff's account for violating the FDCPA 15 U.S.C. § 1692, et. seq., the Colorado FDCPA C.R.S. 12-14-101, et. seq., and for violating any other state debt collection laws in the course of collection of any debts.

**RESPONSE:** There are none as GTF does not collect debts.


19.   Identify all the phone companies and or phone service providers that were used by the Defendant to collect or attempt to collect the Plaintiff's account(s) including both local and long distance phone companies and/or phone service providers and state the following:

a.  Name of the phone company and/or phone service provider.

b.  Address of the phone company and/or phone service provider.

c.   Phone number of the phone company and/or phone service provider.

d.   Account numbers of the phone company and/or phone service provider.

e.   The Defendant's primary billing number(s) with the phone company and/or phone service provider.


**RESPONSE:** There are none. GTF Services made no phone calls to the

plaintiff.

20.   Identify all phone numbers, including area codes, and including both incoming and outgoing phone numbers used by the Defendant to collect or attempt to collect the Plaintiff's account(s).

**RESPONSE:**   There are none.   The defendant GTF did not attempt to collect a debt from the plaintiff.

21.   Identify by case number and court name all lawsuits of any type filed against the Defendant or any of its previous corporate entities in the last two years alleging violations of the FDCPA, 15 U.S.C. § 1692 et. seq., the Colorado FDCPA, CRS 12-14-101, et.seq., and for violating any other state debt collection laws in the course of collection of any debts which involve the Defendant's employees who worked on the Plaintiff's account.

**RESPONSE:**   United States District Court for the District of Colorado, 09 CV 2883 LTB KLM, *Kelly Jenkins v. GTF Services, LLC a/k/a James J. Standley, Esq.*

22.   Identify each document referred to or consulted by the Defendant in the preparation of the Answers to these interrogatories and discovery requests made within  this entire document.

**RESPONSE:** See Exhibit 3 attached to and incorporated by reference in the defendants' Rule 26(a)(1) initial disclosures and the Credit One Bank letter provided by the plaintiff's attorney in her Rule 26(a)(1) initial disclosures.

## REQUESTS FOR ADMISSION

The defendant GTF Services, LLC, through counsel, and  pursuant to Rule 26, FRCP, responds to the plaintiff's Requests for Admission on it as follows:

1. Admit that the Plaintiff is a consumer as that term is defined by 15 U.S.C. § 1692a(3).

**RESPONSE:** Admit


2.  Admit that the Plaintiff's personal account is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

**RESPONSE:** Admit


3.  Admit that the Plaintiff's Complaint states claims upon which relief may be granted.

**RESPONSE:** Denied.  The plaintiff states no claims for relief that can be granted against the defendant GTF Services, LLC, because the defendant GTF Services, LLC, does not engage in the direct collection of debts and was not trying to collect any debts from the Plaintiff nor was there any direct contact between the

defendant GTF Services, LLC and the plaintiff regarding the collection of the debt at issue in this matter.

4. Admit the Defendant has no factual basis for stating the plaintiff's first amended complaint is barred by fraud or any applicable statute of limitations.

**RESPONSE:** Denied as to the fraud defense.  The defendant GTF Services, LLC, does not engage in the direct collection of debts and was not trying to collect any debts from the Plaintiff and so any claims against the defendant GTF Services, LLC are fraudulent.  Further, GTF Services, LLC, has information that in fact, the plaintiff used the credit card at issue in this matter upon opening that account.   The defendant GTF Services, LLC admits that it does not have a factual basis to continue to assert its defense of statute of limitations.

5. Admit the Defendant did not verify the status of the debt with the original creditor prior to filing case number 2010C403793 in Arapahoe County Court.

**RESPONSE:** The defendant GTF Services, LLC most certainly verified the status and validity of the debt in question in this matter prior to sending it to Standley & Associates, LLC for collection, as stated above and as evidenced by the emails that constitute Exhibit 3 to the defendants' Rule 26(a)(1) disclosures.

6.  Admit that the employee identified as Rachel William [sic] told  plaintiff that plaintiff could not dispute the debt.

**RESPONSE:** Objection.   The defendant GTF Services, LLC, has no employees other than Mr. Geffen, and has never had an employee named Rachel William.   The defendant GTF Services, LLC, does not engage in the direct collection of debts and was not trying to collect any debts from the Plaintiff.

7.  Admit that had you verified the status of the debt with Credit One Bank prior to filing 2010c403793 in Arapahoe County Court, you would have discovered that Credit One Bank had found that plaintiff was not responsible for any previous or further balance incurred on the account.

**RESPONSE:** Denied.   The defendant GTF Services, LLC did verify the debt with the purchaser of the debt from Credit One Bank and was obligated by contract not contact Credit One Bank directly.   Further, plaintiff's attorney failed to inform either Standley & Associates, LLC or GTF Services, LLC of information it had that would have given the defendants any information to find out if the Credit One Bank had allegedly determined that the plaintiff was not liable for the debt in question.

8.  Admit that the Defendant kept written records and documentation for all

telephone calls made to the Plaintiff or other third parties on the Plaintiff's account and telephone calls received from the Plaintiff or other third parties on the Plaintiff's account.

**RESPONSE:** Denied.  The defendant GTF Services, LLC, does not engage in the direct collection of debts and was not trying to collect any debts from the Plaintiff and has no phone records regarding any direct communications with the plaintiff.

9.  Admit that the Defendant violated the Fair Debt Collection Practices Act (FDCPA) 15  U.S.C. § 1692 et. seq., in its attempts to collect the Plaintiff's debt(s).

**RESPONSE:**  Denied.  The defendant GTF Services, LLC, does not engage in the direct collection of debts and was not trying to collect any debts from the Plaintiff and has no phone records regarding any direct communications with the plaintiff.

If the Defendant(s) respond to any of these requests for admission with anything other than an unqualified admission, then Plaintiff's demand pursuant to Rule 36 of the Federal Rules of Civil Procedure that the Defendant answer the following interrogatory within (30) days of service thereof, for each such request

for admission to which an qualified response was made.

10.  if you have answered any of the foregoing Requests for Admission with anything other than qualified admissions, then as to each such response, provide the following:

a.   Identify each and every fact upon which you rely to support your response.

b.  Identify each and every document upon which you rely to support your response and  attach copies of such documents.

**RESPONSE:** The defendant has attempted to do so within each of the responses above.


## REQUEST FOR PRODUCTION OF DOCUMENTS

The defendant GTF Services, LLC, through counsel, and pursuant to Rule 34, FRCP, responds to the plaintiff's requests for production of documents as follows:

1.  Any and all training, personnel, or other instruction manuals used by the collection personnel who are employed by or supervised by the Defendant for the time period of January 2006 through March 11, 2010.

**RESPONSE:**  The defendant GTF Services, LLC, does not engage in the direct collection of debts and there are no such records.  Further, the time frame set

forth in the request is beyond the time in which the defendant GTF Services, LLC has been in business.   Further, the defendant GTF Services, LLC, has no employees other than the managing member, Mr. Geffen and Mr. Sean Brady, who is a member of the LLC, but is not engaged in any debt collection.

2.  Any and all personnel files, human resource department records, employment files, and other documents involving all of the defendant's representatives, employees, and/or agents who made phone calls to the Plaintiff or other third parties on the Plaintiff's account and/or received phone calls from the Plaintiff or other third parties on the Plaintiff's account including any background check information, hiring information, compliance information, disciplinary notices, reprimands, incident reports, training records, testing records, evaluations, performance evaluations, pay evaluations, and raise information; and electronic recordings of collection communications that were the subject of private or other complaints by any person.  This request does not include the medical records, medical insurance, and/or medical billing information of the Defendant's representatives, employees and/or agents.

**RESPONSE:**  Objection.  1) This request is not relevant to the defendant GTF Services, LLC.  2) The defendant GTF Services, LLC, does not engage in the direct collection of debts. 3) This request is unduly burdensome.  4)  This request

does not conform to Rule 34(b)(1)(A), F.R.C.P., in that it is not clear and specific as to what exact information the plaintiff is actually seeking so as to allow the defendant an opportunity to redact private information. 5) This request is overly broad. 6) This request is not reasonably calculated to lead to the discovery of admissible evidence. 7) The burden and expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Without waiving said objection, the defendant states that there are none.


3. Any and all phone records, phone receipts, and/or phone bills received by the Defendant from any of their phone companies and/or phone service provider(s) that document and/or include phone calls made to the Plaintiff or third parties by the Defendant regarding the Plaintiff's account(s) that are the subject of this lawsuit or phone calls the Defendant received from the Plaintiff or third parties regarding the Plaintiff's account(s) that are the subject of this lawsuit, including phone records, phone receipts, and /or phone bills that reflect the Defendant's primary billing number with that phone companies and /or phone service provider(s).

**RESPONSE:** Objection. 1) This request is not relevant to the defendant GTF Services, LLC. 2) The defendant GTF Services, LLC, does not engage in the

direct collection of debts. 3) This request is unduly burdensome.  4)  This request does not conform to Rule 34(b)(1)(A), F.R.C.P., in that it is not clear and specific as to what exact information the plaintiff is actually seeking so as to allow the defendant an opportunity to redact private information.  5) This request is overly broad.   6) This request is not reasonably calculated to lead to the discovery of admissible evidence.   7) The burden and expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Without waiving said objection, the defendant states that there are none.

4.  Any and all of the Defendant's disciplinary policies for representatives, employees, and/or agents violating the FDCPA, 15 U.S.C. § 1692. et. seq., the Colorado FDCPA, C.R.S. 12-14-101, et.seq., other state debt collection laws and for violating other state or federal laws in the course of collecting consumer debts.

**RESPONSE:** There are none.

5. Any and all documents and/or recordings identified in Response to Plaintiff's Interrogatories and Requests for Admissions.

**RESPONSE:** These have been previously identified and provided in the defendants' initial and supplemental disclosures.

6.  Any and all documents summarizing, describing, instructing, detailing, or otherwise training any and all of Defendant's employees in any and all of the following areas:

 a. Defendant's collection policies;

b. Defendant's collection procedures;

c. Defendant's collection methods;

d. Defendant's collection techniques;

e.  Defendant's collection tactics;

f.  Defendant's collection rules;

g.  Defendant's collection regulations; and

h.   Defendant's compliance with local, state, or federal laws, codes or regulations.

**RESPONSE:** There are none.


7.  Any and all collection software manuals and/or instruction guides to each and every computer system software package, software system, or other electronic or non-electronic device used in any manner by the Defendant in the collection process.

**RESPONSE:**   There are none.  The defendant GTF Services, LLC, does not engage in the direct collection of debts.

8.   Any and all documents related in any way to other lawsuits, legal or equitable claims, regulatory complaints or reports, or any other proceedings that have been brought against the Defendant from January 1, 2006, to  the present alleging violations of the FDCPA 15 U.S.C. § 1692 et. seq., the Colorado FDCPA C.R.S. 12-14-101 et. seq., and other state debt collection laws and for violating any other state or federal laws in the course of any type of collection or debts which involve the Defendant's employees who worked on the Plaintiff's account and the supervisors of the Defendant's employees who worked on the Plaintiff's account.

**RESPONSE:** Objection.   1) This request is not relevant to the defendant GTF Services, LLC.  2) The defendant GTF Services, LLC, does not engage in the direct collection of debts. 3) This request is unduly burdensome.  4)  This request does not conform to Rule 34(b)(1)(A), F.R.C.P., in that it is not clear and specific as to what exact information the plaintiff is actually seeking so as to allow the defendant an opportunity to redact private information.  5) This request is overly broad.   6) This request is not reasonably calculated to lead to the discovery of admissible evidence.   7) The burden and expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Without waiving said objection, the defendant states that there are none.

9.   Any and all documents, recording, documenting, or otherwise tracking the collection efforts related of the Defendant in any way related to the Plaintiff's alleged debt(s) that are subject of this lawsuit, from January 1, 2006, to the present, including but not limited to:

 a.   Records of all inbound or outbound telephone calls to or from the Plaintiff's or any third party on the Plaintiff's account;

b.   Records of all inbound or outbound United States mail to or from the Plaintiff's or any third party on the Plaintiff's account.

c.   Records of all other inbound or outbound communication of whatever kind, to or from the Plaintiff(s) or any third party on the Plaintiff's account.

**RESPONSE:** There are none.  The defendant GTF Services, LLC, does not engage in the direct collection of debts.


10.   Any and all printouts, computer, mechanical or other reports printed, prepared, or otherwise created using any computer system, software package, or software system, or other electronic or non-electronic device used in any manner in Defendant's collection process, which include the Plaintiff's name, the Plaintiff's access the Plaintiff telephone number(s), the Plaintiff's account number(s), or any other information which is personally identifiable to the Plaintiff.

**RESPONSE:** Objection.  This request is not relevant to the defendant GTF

Services, LLC.  The defendant GTF Services, LLC, does not engage in the direct collection of debts.  Without waving said objection, the defendant states that there are none.

11.   A plain-English description or glossary for any and all lists, legends, codes, abbreviations, collector initials, or other non-obvious terms, words, or data contained in any of the documents produced above.

**RESPONSE:** Objection.  This request is not relevant to the defendant GTF Services, LLC.  The defendant GTF Services, LLC, does not engage in the direct collection of debts.  Further, for these same reasons, the defendant GTF Services, LLC did not respond to the request number 10.  Without waving said objection, the defendant states that there are none.

12.   All documents that list and define or act as a key for codes and abbreviations you utilized when attempting to collect the account from the Plaintiff.

**RESPONSE:** Objection.  This request is not relevant to the defendant GTF Services, LLC.  The defendant GTF Services, LLC, does not engage in the direct collection of debts.  Without waving said objection, the defendant states that there are none.

13.   All statements made by parties and non-parties which are in the possession or control of the Defendant, concerning the above action or its subject matter which are discoverable pursuant to the Federal Rules of Civil Procedure.

**RESPONSE:** Objection.   The defendant GTF Services, LLC does not understand the request.   To the degree that the request is asking for information provided to GTF Services, LLC, those documents have been provided as has the information sought in the initial and supplemental disclosures made pursuant to Rule 26(a)(1), FRCP.

14.   Any and all documents related to the factual basis for the affirmative defense of Bona Fide Error, 15 U.S.C. § 1692k(c) listed in the Defendant's Answer to the Plaintiff's Complaint.   **This request does not include any information that is protected by the Attorney Client Privilege or Attorney Client Work Product Doctrine.**

**RESPONSE:** These have been previously identified and provided in the defendants' initial disclosures as Exhibit 3 and in the supplemental disclosures as Exhibit 5

15.   Any and all seating and / or location chart(s) which document the

physical location of the Defendant's representatives, employees and/or agents when they made phone calls to the Plaintiff or third parties while attempting to collect the Plaintiff's Account or when the Defendant's representatives, employees and/or agents received phone calls from the Plaintiff or other third parties on the Plaintiff's account.

**RESPONSE:** Objection.  This request is not relevant to the defendant GTF Services, LLC.  The defendant GTF Services, LLC, does not engage in the direct collection of debts.  Without waving said objection, the defendant states that there none.

16.    Any Complaints and/or Requests for Investigation and related correspondence received by Defendant between January 1, 2009 – March 11, 2010, from the Colorado Attorney General/Colorado Collection Agency Board as well as any correspondence sent by the Defendant to the Colorado Attorney General Colorado Collection Agency Board in response to the Complaints and or Requests for Investigation.

**RESPONSE:** Objection.  1) This request is not relevant to the subject of this lawsuit, 21) This request does not conform to Rule 34(b)(1)(A), F.R.C.P., in that it is not clear and specific as to what exact information the plaintiff is actually seeking so as to allow the defendant an opportunity to redact private information.

3) This request is overly broad.    4) This request is not reasonably calculated to lead to the discovery of admissible evidence.  5) The burden and expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

17.    Any Complaints and/or Requests for Investigation and related correspondence received by the Defendant between January 1, 2009 – March 11, 2010, from any Better Business Bureau (s) regarding individuals with a Colorado address as well as any correspondence sent by the Defendant to any Better Business Bureau(s) in response to the Complaints and/or Requests for Investigation regarding individual(s) with a Colorado address.

**RESPONSE:**  Objection.  1) This request is not relevant to the subject of this lawsuit, 21) This request does not conform to Rule 34(b)(1)(A), F.R.C.P., in that it is not clear and specific as to what exact information the plaintiff is actually seeking so as to allow the defendant an opportunity to redact private information. 3) This request is overly broad.    4) This request is not reasonably calculated to lead to the discovery of admissible evidence.  5) The burden and expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at

stake in the action, and the importance of the discovery in resolving the issues.

Mr. Geffen's verification of the responses to the Interrogatories is attached separately on the last page of this document.

RESPECTFULLY SUBMITTED,

THE LAW OFFICES OF DAVID C. JAPHA, P.C.

S/ David C. Japha

_____

by David C. Japha
950 S. Cherry Street, Ste. 1000
Denver, CO 80246
(303) 964-9500
Fax: 1-866- 260-7454
email: Djapha4064@aol.com
Attorney for the Defendant GTF Services, LLC

CERTIFICATE OF SERVICE

I hereby certify that I have served a true and correct copy of the Defendant's GTF Services, LLC's Responses to the Plaintiff's First Set of Interrogatories, Requests for Admission and Requests for Production of Documents on counsel for the plaintiff, via email on this 26th day of August, 2010, addressed to:

Susan Thomas
Richard Wynkoop
Wynkoop & Thomas PC
 4410 Yates Street
Denver, CO 80212
via email to rickwynkoop@yahoo.com

s/ DAVID C. JAPHA

_____