IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Christine M. Arguello**

Civil Action No. 10-cv-00623-CMA-CBS

Roxzana Santacruz,

    Plaintiff,

v.

STANDLEY AND ASSOCIATES, LLC and
GTF SERVICES, LLC,

    Defendants.

---

## ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES

---

The matter is before the Court on Plaintiff Roxzana Santacruz's Motion for Attorneys' Fees (Doc. # 61), filed on April 20, 2011. For the following reasons, the Motion is granted.

### I. BACKGROUND

The factual and procedural history of this case is familiar to the parties and more fully set out in this Court's Order Granting Plaintiff's Motion for Partial Summary Judgment. (Doc. # 51.) A brief recap follows.

On March 17, 2010, Plaintiff filed a complaint against Defendants, alleging several violations of the Fair Debt Collection Practices Act ("FDCPA") pertaining to Defendants' efforts to collect on a debt that was allegedly owed by Plaintiff.[1] (Doc. # 1.) On November 30, 2010, Plaintiff filed a Motion for Partial Summary Judgment on the

---

[1] On March 23, 2010, Defendants served Plaintiff with a state court complaint to collect the debt allegedly owed by Plaintiff. Plaintiff presented Defendants with a letter that she had received from Credit One Bank on March 19, 2010, which cleared her of responsibility for the debt. Defendants subsequently dismissed the state court complaint against Plaintiff.

issue of liability and Defendants filed a Motion for Summary Judgement.  (Doc. ## 25, 27.)  On March 17, 2011, the Court found that Defendants had violated the FDCPA by informing Plaintiff that possessed had affidavits from Credit One Bank stating that the debt belonged to Plaintiff when Defendants did not, in fact, possess those affidavits and the debt did not belong to Plaintiff.  (Doc. # 51 at 15.)  Although the Court found that genuine issues of material fact existed as to Plaintiff's other FDCPA claims, because the FDCPA is a strict liability statute, the Court granted summary judgment as to liability based on this violation.  After a trial on the issue of damages, the jury awarded Plaintiff $1,000.00 in statutory damages and $29,300.00 in actual damages.  On April 20, 2011, Plaintiff filed the instant Motion for Attorneys' Fees, requesting **$47,445.00** in fees. (Doc. # 61.)  Defendants responded on May 10, 2011, and Plaintiff replied on May 19, 2011.  (Doc. ## 76, 86.)

## II.  LEGAL STANDARD

When evaluating a motion for attorneys' fees, the Court must follow the three-step process set forth in *Ramos v. Lamm*, 713 F.2d 546 (10th Cir. 1983), *overruled on other grounds by Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 483 U.S. 711, 725 (1987).

The first step in determining a fee award is to determine the number of hours reasonably spent by counsel for the prevailing party.  *Malloy v. Monahan*, 73 F.3d 1012, 1017 (10th Cir. 1996); *Ramos*, 713 F.2d at 553.  Factors considered in a reasonable-ness determination include: (1) whether the amount of time spent on a particular task appears reasonable in light of the complexity of the case, the strategies pursued, and

the responses necessitated by an opponent's maneuvering; (2) whether the amount of time spent is reasonable in relation to counsel's experience; and (3) whether the billing entries are sufficiently detailed, showing how much time was allotted to a specific task. *Rocky Mountain Christian Church v. Bd. of Cnty. Comm'rs of Boulder Cnty.*, No. 06-cv-00554, 2010 WL 3703224, at *2-3 (D. Colo. Sept. 13, 2010). "Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). Although courts are obligated to exclude hours not reasonably expended from the fee award, courts need not "identify and justify every hour allowed or disallowed, as doing so would run counter to the Supreme Court's warning that a 'request for attorney's fees should not result in a second major litigation.'" *Malloy*, 73 F.3d at 1018 (quoting *Hensley*, 461 U.S. at 437); *Fox v. Vice*, 131 S. Ct. 2205, 2216 (2011) ("The essential goal in shifting fees . . . is to do rough justice, not to achieve auditing perfection.").

Once the Court has determined the number of hours reasonably spent, it must then determine a reasonable hourly rate of compensation.[2] *Ramos*, 713 F.2d at 555. "A reasonable rate is the prevailing market rate in the relevant community." *Malloy*, 73 F.3d at 1018 (citing *Blum v. Stenson*, 465 U.S. 885, 897 (1984)). The party seeking the

---

[2] Defendants do not contest the reasonableness of Plaintiff's counsel's hourly rate. The Court also finds Plaintiff's counsel's rate to be reasonable. Therefore, the Court analysis will focus on the reasonableness of the hours expended by Plaintiff's counsel.

award has the burden of persuading the court that the hours expended and the hourly rate are both reasonable.  *Id.*

The third step consists of multiplying the reasonable hourly rate by the number of hours reasonably expended to determine the "lodestar" amount.  *Hensley*, 461 U.S. at 433.

### III.  ANALYSIS

Plaintiff may recover reasonable attorneys' fees under 15 U.S.C. § 1692k(a)(3). Defendants contend that Plaintiff's requested attorneys' fees should be reduced by 20%, from $47,445.00 to $37,956.00 for the following reasons: (1) Plaintiff's counsel duplicated efforts regarding the jury instructions; (2) Plaintiff did not prevail on all claims; (3) Plaintiff's award request includes hours billed for time expended on an unrelated state suit; and (4) Plaintiff's counsel billed for clerical work.

### A.  FEES FOR PREPARING JURY INSTRUCTIONS

Defendants challenge the reasonableness of the hours Plaintiff's counsel spent drafting and researching jury instructions.  Upon review of the billing records submitted by Plaintiff's counsel, it is difficult for the Court to determine the exact number of hours that Plaintiff's counsel expended in preparation of the jury instructions because some time entries are in the form of "block-billing," *i.e.*, lumping together multiple tasks into one entry.  The use of block-billing often warrants a reduction in the award of attorneys' fees because the records are inadequate insofar as they are not "meticulous, contemporaneous time records that reveal, for each lawyer for whom fees are sought, all hours

for which compensation is requested and how those hours were allotted to specific tasks." *Case v. Unified Sch. Dist. No. 233*, 157 F.3d 1243, 1250 (10th Cir. 1998); *see also Cadena v. Pacesetter Corp.*, 224 F.3d 1203, 1215 (10th Cir. 2000). However, the Tenth Circuit does not mandate that district courts reduce attorneys' fees for block-billing. *Cadena*, 224 F.3d at 1215; *Robinson v. City of Edmund*, 160 F.3d 1275, 1281 (10th Cir. 1998). The Court finds that a reduction in the attorneys' fees award is unwarranted in this case.

Only two entries pertaining to jury instructions, reflecting 7.5 and 8 hours of time expended, respectively, are in the form of block-billing. The Court agrees with Defendants that Plaintiff's counsel would have spent an unreasonable number of hours on jury instructions if all 15.5 of those hours were attributed to jury instructions. However, it is apparent that many of those hours were used to prepare for trial, including prepping for witness examination and preparing exhibits, as few other hours were allocated for trial preparation. Furthermore, Plaintiff's counsel reasonably spent a substantial number of hours preparing jury instructions. Plaintiff's counsel had to revise the jury instructions after the Court granted Plaintiff's Motion for Partial Summary Judgment and had to spend time responding to Defendants' objections. Although Defendants are entitled to object, "[they] cannot then complain that the fees award should be less" when Plaintiff's counsel had to spend time addressing those objections. *See Henson v. Columbus Bank & Trust Co.,* 770 F.2d 1566, 1575 (11th Cir. 1985). Additionally, as Plaintiff notes, it is unlikely that an attorney, working on a contingency basis, would intentionally run up the time expended on a case when the risk of not being able to recover a fee is high.

The Court also takes into consideration Plaintiff's high degree of success in this case, which underscores the reasonableness of Plaintiff's counsel's time expended on jury instructions. Plaintiff was awarded $29,300.00 in actual damages by a jury, more than five times Defendants' offer of judgment. *See Farrar v. Hobby,* 506 U.S. 103, 114 (1992) (the degree of success is "the most critical factor in determining the reasonableness of a fee award" (internal quotations omitted)); *See Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008) (if the prevailing party's counsel had spent less time on the case, they may not have achieved such success). Thus, a reduction for block-billing and time spent on jury instructions is unwarranted.

**B.    FEES FOR WORK RELATED TO "UNSUCCESSFUL CLAIMS"**

Defendants assert that Plaintiff should not recover attorneys' fees for time expended on unsuccessful claims. This is without merit. First and foremost, the Court's denial of summary judgment on all but one of Plaintiff's FDCPA claims does not mean those claims failed. The Court found only that there were genuine issues of material fact with respect to those claims that were more appropriately addressed to a jury. Because the FDCPA is a strict liability statute and only one violation must be proven to find liability, there was no need to litigate those claims at trial. Thus, none of Plaintiff's claims were found to be without merit.

Moreover, even if these claims were "unsuccessful," Plaintiff would still be entitled to recover attorneys' fees for that time. It is well settled that a prevailing party may recover attorneys' fees for time expended on pursuing claims that did not ultimately prevail or were not fully litigated provided that those claims were related to the

successful claim.  *Hensley*, 461 U.S. at 434 ("Litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee.").  All of Plaintiff's claims shared a common core of facts and were related to the successful claim in that they challenged the manner by which Defendants attempted to collect on the contested debt.[3]  Therefore, Plaintiff may recover the claimed attorneys' fees and costs for work expended on all claims.

**C.    REDUCTION FOR WORK RELATED TO STATE LAW SUIT**

Plaintiff may not recover attorneys' fees for the hours expended in defending against the state law suit brought by Defendants against Plaintiff because the state law suit was unrelated to Plaintiff's case against Defendants.  The state suit was separate from this case and Plaintiff's success in defending against the state law suit had no bearing on this action.  Although it is apparent that Plaintiff's counsel spent at least 1.05 hours defending against the state court complaint, it is difficult to determine the exact number of hours as some of the entries are in block billing format.  For example, submerged in a three hour time entry, is time expended for drafting and filing an answer in the state court case.  The Court estimates that Plaintiff's counsel, in total, expended three hours in defending against the state law suit, and the Court will accordingly reduce the fee award by $825 ($275 x 3 hours).  See *Fox v. Vice*, 131 S. Ct. at 2216 (stating that trial courts "may use estimates in calculating . . . an attorney's time.").

---

[3] The same holds true for the Fair Credit Reporting Act ("FCRA") claim, which was ultimately not pursued.

**D.     REDUCTION FOR LACK OF GOOD BILLING JUDGMENT**

Defendants assert that Plaintiff's attorneys' fees award should further be reduced because Plaintiff's counsel billed for clerical tasks. Upon review of the billing records, the Court finds three entries that contain tasks that do not appear legal in nature, *i.e.*, filing documents with the Court and loading documents onto the laptop. *See Hayden v. Astrue*, No. 01-cv-01861, 2009 WL 4563120, at *4 (D. Colo. Dec. 3, 2009) ("Plaintiff's attorney is not entitled to an award of fees for time spent on work that is essentially clerical, or at most paralegal, rather than legal."). The Court will reduce the fee award by $275.00, or one hour, for clerical work.

## IV. CONCLUSION

Based on the foregoing, the Court calculates Plaintiff's fee award as follows:  The Court deducts fees for work dedicated to the defense of the state law suit ($825.00) and for non-legal clerical work ($275.00) for a **total fee award of $46,345.00** ($47,445.00 - $825.00 - $275.00).[4]

Accordingly, IT IS ORDERED that Plaintiff's Motion for Attorneys' Fees (Doc. # 61) is GRANTED.

---

[4] The Court acknowledges that this fee award is higher than average for an FDCPA case. *See, e.g.*, *Smith v. Argent Mortg. Co., LLC*, No. 05-cv-02364, 2008 WL 1840727, at *2 (D. Colo. Apr. 22, 2008) (awarding $18,601.00 in attorney fees); *Kittle v. Accredited Collection Agency Inc.*, No. 07-cv-01716, 2011 WL 683815, at *2 (D. Colo. Feb. 15, 2011) (awarding $5,175.00 in attorney fees). However, this case required significantly more work than the average FDCPA case as Defendants fought tooth and nail at every step of the this litigation. Although Defendants were entitled to mount a vigorous opposition, the heavily contested nature of this case explains the higher than average fees incurred by Plaintiff.

IT IS FURTHER ORDERED that Plaintiff shall be awarded fees in the amount of $46,345.00.

DATED: August __04__, 2011

BY THE COURT:

_Christine M. Arguello_
_____
CHRISTINE M. ARGUELLO
United States District Judge